JOHN ZIMMERMAN CO. *v.* UNITED STATES (No. 3044[1])

United States Court of Customs Appeals, May 21, 1928

*Sharretts, Coe & Hillis (William W. Hoppin* and *Edward P. Sharretts* of counsel) for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument April 13, 1928, by Mr. Hoppin, Mr. Sharretts, and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Six cases of merchandise belonging to the appellant were imported July 30, 1920, were entered for warehousing August 3, 1920, at New York, and were duly placed in a Government bonded warehouse. Duties upon two cases of the goods were paid November 16, 1922, and upon the remaining four cases on June 21, 1923, at which respective times permits of delivery were duly issued and delivered to the importer. On August 26, 1923, more than three years after the importation of said goods, they were totally destroyed by fire, while still remaining in said warehouse. At the time of their said destruction no charges were due the Government thereon, and no sale of said merchandise had been conducted by virtue of section 491 or 559 of the Tariff Act of 1922, nor under any other law or regulation. On application of the importer, made May 21, 1924, a report of the loss was made by the acting deputy appraiser, on May 24, 1924; a similar report was also made on June 5, 1924, by the storekeeper, who stated therein that the goods, at the time of damage, were "in my custody."

An application for abatement of duty on said merchandise was made and denied by the Customs Court, and the importer has appealed.

[1] T. D. 42778.

The facts and issues involved in the case at bar are substantially identical with those before the court in *United States* v. *Isler & Guye,* 13 Ct. Cust. Appls. 485, T. D. 41369. There an abatement of duties was sought on precisely the same grounds presented here. In fact, it is admitted by counsel in the case at bar that, unless the court departs from the doctrine announced in the *Isler & Guye* case, *supra,* that case is controlling.

In that case, Judge Bland, speaking for the court, said:

The Tariff Act of 1922 granted to the importer liberal rights which he had not previously enjoyed in connection with the recovery of duties paid upon goods which had been damaged or destroyed by accidental fire or casualty in bonded warehouse and elsewhere. Congress clearly had the right to fix a limit of time within which this privilege could be exercised, and, while it did not definitely fix the limit in section 563, it provided definitely in the act that three years was the limit for goods to remain in bonded warehouse. In section 563, under which appellees' claim is filed, it was stated, in effect, that after three years they could not abandon their goods to the Government and be relieved of the payment of duties. Surely, if Congress intended that an importer should not have the right to abandon his goods to the Government and have an abatement of duty if he left them in warehouse more than three years, it did not intend that if the goods were destroyed by fire after they had been warehoused three years, and thereby abandoned, such importer would have the right to have his duties abated. The proviso, at the end of the section 563, provides for a voluntary abandonment within the bonded period, with a request that importer be relieved of duty. Section 559 provides for a constructive abandonment and makes no provision for refund of duty. The goods in controversy were abandoned under section 559. From a consideration of the provisions of the three sections herein considered, would it be reasonable to suppose that Congress meant that the owner of goods, which remained in warehouse over three years, should not be rebated for duty paid thereon where they were not destroyed, and, at the same time, intend that if they happened to be burned, then in that instance the duties would be returned, although in both instances the goods would have been abandoned and lost to the importer? We think not. The right in the Government to the duties on the goods became absolute and irrevocable upon their abandonment.

No suggestions have been made in the argument of the case at bar which are sufficient to lead us to abandon the doctrine thus announced, and we shall, therefore, adhere to it.

It is vigorously insisted that our decision in the *Isler & Guye* case, *supra,* amounts to an adjudication that, after the termination of the three-year period, the title of the importer in his warehoused goods is extinguished, and that such an adjudication imperils the insurable interest of the importer therein. In what was said in deciding the *Isler & Guye* case, *supra,* nothing was determined except as to the right of the Government to proceed in rem against the goods, for its lawful charges, and as to the period after which the Government's right to its duties collected could not be challenged or effected. It is not the function of this court to pass upon questions of the

title to such goods, except as last suggested; some other forum must be sought to determine such questions. Whether the importer has a legal title to warehoused goods after three years was not determined in the *Isler & Guye* case, *supra*, and is not attempted to be determined here. Our only concern is as to the right of the Government to retain the duties it has collected upon importers' goods. That right, we believe, on this record, is absolute.

The judgment of the Customs Court is therefore *affirmed*.